ROBERT T. KAWAMOTO, ESQ.
*LAW OFFICE OF ROBERT T. KAWAMOTO*
101 California Street, Suite 2710
San Francisco, CA 94111
(415) 487-9790
State Bar ID No. 78820

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

Richard Edelman and
Stonna Edelman

                 Debtor.
_____/

Case No. 13-30510
(Chapter 13)

MOTION TO MODIFY CHAPTER 13 PLAN;
EXHIBIT "A"; NOTICE OF OPPORTUNITY
FOR HEARING; DECLARATION IN SUPPORT;
AND CERTIFICATE OF SERVICE

    PLEASE TAKE **NOTICE** that Debtor hereby moves for an order authorizing modification of the confirmed Chapter 13 Plan based on the Declaration by Debtor incorporated hereto. The proposed modified Plan is attached as Exhibit :A".

    NOTICE IS HEREBY GIVEN, pursuant to FRBP 3007 as modified by Local Rule 9014-1: 1) that any objection to the requested relief, or a request for hearing on the matter must be filed and served on the requesting party within twenty-one (21) days of mailing of the notice; 2) that a request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position; 3) that if there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief by default; and 4) that the initiating party will give at least seven (7) days written notice of hearing to the objecting or requesting party, and to any trustee or committee appointed in the case, in the event an objection or request for hearing is timely made.

-1-

Case: 13-30510    Doc# 58    Filed: 02/24/17    Entered: 02/24/17 17:25:36    Page 1 of 11

# MOTION

Debtor hereby moves for an order authorizing a modification of the confirmed Chapter 13 Plan based upon a change in circumstances. 11 U.S.C. sec. 1329(1). This motion is supported by facts and reasons set forth in Debtor's Declaration.

The proposed modified Plan is embodied in the attached Exhibit "A". If confirmed, the modified Plan will complete within 60 months from the commencement of the case. The modified Plan complies with Sections 1322(a) & (b) and Section 1325(a). 11 U.S.C. sec. 1322, 1325.

Dated: 2/24/17           /s/ Robert t. Kawamoto
                         Robert t. Kawamoto

-2-

# DECLARATION

We, Richard Edelman and Stonna Edelman, declare under the penalty of perjury that we have personal knowledge of the following information set forth below and that it is true and correct

1. We are the Debtors in the above- captioned case.
2. Our chapter 13 case was filed on March 6, 2013.
3. Our Chapter 13 Plan was confirmed on July 19, 2013.
4. We are requesting an Order authorizing a modification to our confirmed Chapter 13 Plan for the following reasons:

    (A) The secured car loan has been terminated when we returned the vehicle to lender Cooperative Center Fed Credit Union on or about Sept 9, 2016.

    (B) The secured property tax obligation to Marin County Tax Collector has been paid off in full.

    (C) The only remaining claims to be paid pursuant to the confirmed Chapter 13 Plan, and the estimated current balance remaining, are:

        (1) Internal Revenue Service: $3,995
        (2) Franchise Tax Board: $ 586
        (3) USAA $2,265

    (D) Unsecured claims under the confirmed Plan are to receive zero cents on the dollar.

    (E) Our monthly income and expenses have changed such that we are unable to pay any more than the amount stated in our proposed amended Plan.

We declare the foregoing is true and correct to the best of our informaiton and belief and that this Declaration was executed at Mill Valley, California.

Dated: _2/24/17_             /s/ Richard Edelman
                                     Richard Edelman, Debtor

Dated: _2/24/17_             /s/ Stonna Edelman
                                     Stonna Edelman, Debtor

# CERTIFICATE OF SERVICE

I declare as follows:

I am over the age of eighteen years, and not a party to this action and my office address is 101 California Street, Suite 2710, San Francisco, California 94111.

On 2/24/17, I served the attached:

MOTION TO MODIFY CHAPTER 13 PLAN; EXHIBIT "A"; NOTICE OF OPPORTUNITY FOR HEARING; DECLARATION IN SUPPORT; AND CERTIFICATE OF SERVICE

by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for deposit in the United States Postal Service addressed:

1. David Burchard
   Chapter 13 Trustee
   P.O. Box 8059
   Foster City, CA 94404

2. SPECIAL NOTICE PARTIES

   Capital One, N.A.
   c/o Brielyn Atwater, Esq.
   McCarthy & Holthus, LLP
   1770 Fourth Avenue
   San Diego, CA 92101

   USAA Federal Savings Bank
   c/o Josh Harrison, Esq.
   701 Highlander Blvd. Suite 200
   Arlington, TX 76015

   JP Morgan Chase Bank, N.A.
   c/o Patrick Bruso, Esq.
   Alvarado & Associates, LLP
   1 Mac Arthur Place, Suite 210
   Santa Ana, CA 92707

(3) as listed in attached Exhibit B.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California, on 2/24/17.

/s/ Robert T. Kawamoto
Robert T. Kawamoto

-5-

Capital One
7933 Preston Rd
Mail Code 31063-1111
Plano TX 75024

Cooperative Ctr Fed Credit Union
2001 Ashby Ave
Berkeley CA 94703

Dept Stores Nat'l Bank/Macys
Bankruptcy Processing
PO Box 8053
Mason OH 45040

Franchise Tax Board
Bankruptcy Sec MM A 340
PO Box 2952
Sacramento, CA 95812-2962

Internal Revenue Svc
PO Box 7346
Philadelphi8a PA 19101-7346

JP Morgan Chase
700 Kansas Lane
Monroe LA 71203

LVNV Funding
assignee to Resurgent Capital Svc
PO Box 10587
Greenville SC 29603-0587

Marin Cty Tax Collector
PO Box 4220
San Rafael, CA 94913-4220

MKM Acquisitions
PO Box 9010
Woodbury, NY 11797-9010

Portfolio Recovery Assoc
PO Box 41067
Norfolk VA 23541

Quantum 3 Group
agent for Galaxy Asset Purchasing
PO Box 788
Kirkland Wa 98083-0788

USAA Fed Savings Bank
c/o Weinstein & Riley
2001 Western Ave, Ste 400
Seattle, WA 98121

Wells Fargo Bank
Wells Fargo Card Svc
1 Home Campus. 3rd Flr
Des Moines, IA 50328

**EXHIBIT B**

Name of Debtor:

Richard Edelman and
Stonna Edelman

Case No.
13-30510

# MODIFIED CHAPTER 13 PLAN

YOU WILL BE NOTIFIED OF THE DATE, TIME, AND LOCATION OF A HEARING TO CONFIRM THIS PLAN AND OF THE DEADLINE TO OBJECT TO ITS CONFIRMATION. IN THE ABSENCE OF A TIMELY WRITTEN OBJECTION, THIS PLAN MAY BE CONFIRMED. IT WILL BE EFFECTIVE UPON ITS CONFIRMATION.

### Section 1. Plan Payments and Plan Duration

**1.01** **Plan payments.** To complete this plan, Debtor shall:

    a. Pay to Trustee $ 885.00 per month for  -6-  months from the following sources: Employment and Self-employment earnings _____. Debtor shall after  -6-  months, increase the monthly payment to $ 952.00 for  35  months. After 41 months, the plan payments shall be suspended for 6 months. Debtor shall after 47 months, decrease the monthly payment to $526.00 for 13 months.

    b. In addition to the foregoing monthly payments, pay to Trustee $_____ from the following sources on the dates indicated:
Date(s):_____
Source(s):_____

    c. The monthly plan payments will continue for  -60-  months unless all allowed unsecured claims are fully paid within a shorter period of time. This plan cannot propose monthly payments beyond 60 months.

### Section 2. Claims and Expenses

**2.01.** With the exception of any post-petition direct payments to be made by Debtor, the payments required by Sections 2.04, 2.05, 2.07, 2.08, 2.10 and 3.01 will not be made pursuant to this plan unless a timely proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**2.02.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's order on a claim objection, valuation motion, lien avoidance motion, or adversary proceeding judgment affects the amount or classification of a claim.

**2.03.** Trustee's fees shall be paid pursuant to 28 U.S.C. §586(e). Compensation due a former chapter 7 trustee shall be paid pursuant to 11 U.S.C. §1326(b)(3)(B). Debtor's attorney of record was paid $ 1,500.00 before the Chapter 13 case was filed. By separate order or in accordance with applicable Guidelines, after confirmation, debtor's attorney shall be paid additional fees of $ 5,450.00 through this plan at the rate of $ 300.00 per month until paid in full.

#### Secured Claims

**2.04.** **Class 1: All delinquent secured claims that are not modified by this plan.** Class 1 claims are delinquent and other than the curing of any arrears, are not modified by this plan. Debtor or a third party (_____) shall directly make all post-petition payments on Class 1 claims.

    a. **Cure of arrears.** Trustee shall pay in full all allowed pre-petition arrears on Class 1 claims.

    b. **Application of payments.** The arrearage payment may include interest. If the provision for interest is left blank, interest will not accrue. The arrearage payment must be applied to the arrears. If this plan provides for interest on arrears, the arrearage payment shall be applied first to such interest, then to arrears.

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

*EXHIBIT A*
*(consisting of 6 pages)*

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears (0% unless otherwise stated) | Fixed Arrearage Payment | Payment Start Date (Start date will be a specific month during the plan) |
|---|---|---|---|---|
| 1. Not Applicable | | | | |
| 2. | | | | |
| 3. | | | | |

**2.05. Class 2: All secured claims that are modified by this plan.**

    a. **Payment of claim.** Trustee shall satisfy each Class 2 claim by paying the amount specified below as the monthly payment. Subject to Section 2.05(c), Class 2 claims will be paid in full. The payment of a Class 2 claim shall not include interest unless otherwise specified. If Debtor does not intend to satisfy a Class 2 claim by periodic payments, Debtor shall check this box [ ] and provide for this claim in Additional Provisions.

    b. **Adequate protection payments.** Before confirmation, Trustee shall pay each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by 11 U.S.C. §1326(a)(1)(C). As required by 11 U.S.C. §1325(a)(5)(B)(iii), equal monthly payments must be no less than the adequate protection payment.

    c. **Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. If applicable bankruptcy law authorizes a debtor to reduce a secured claim, Debtor may reduce the claim to the value of the collateral securing it by filing, serving, and prevailing on a motion or adversary proceeding to determine the value of that collateral. If this plan proposes to reduce a claim based upon the value of collateral, Debtor shall file this motion or adversary proceeding and have it decided before plan confirmation.

    d. **Lien retention.** Each Class 2 creditor shall retain its existing lien as permitted under applicable bankruptcy law.

| Class 2 Creditor's Name/Collateral Description (No Reduction in Collateral Value) | Purchase Money Interest - Personal Property? Y/N | Estimated Amount of Claim | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|---|
| 1. Not Applicable | | | | |
| 2. | | | | |

| Class 2 Creditor's Name/Collateral Description (Reduction in Collateral Value) | Reduced Value of Collateral | Interest Rate (0% unless otherwise stated) | Monthly Payment |
|---|---|---|---|
| 1. Not Applicable | | | |
| 2. | | | |

**2.06. Class 3: All secured claims for which the collateral is being surrendered.** Upon confirmation of this plan, the automatic stay is modified to allow a Class 3 secured claim holder to exercise its rights against its collateral.

| Class 3 Creditor's Name | Collateral to be Surrendered |
|---|---|
| 1. Not Applicable | |
| 2. | |

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

**2.07.  Class 4: All other non-delinquent secured claims.** Class 4 claims are not delinquent and are not modified by this plan. Debtor or a third party (_____) shall directly make all post-petition payments on Class 4 claims.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment |
|---|---|
| 1. Capital One – 401 Wendy Way, Mill Valley, CA | $2,330.00 (subject to adjustment per contract) |
| 2. | |
| 3. | |

**2.08.** The deed of trust with _____ ("Creditor") encumbers real property located at _____, securing a loan that is the subject of a loan modification application (the "Application"). The monthly payment listed below represents the projected payment under the Application, and may not be the payment when the Application is approved or denied. Notwithstanding Section 2.04, and except as otherwise provided in this plan, Trustee will not pay any pre-petition arrears claimed by Creditor while the Application is proposed or pending.

   a. If Creditor approves the Application, the monthly payment Debtor shall directly make will be the amount approved by Creditor.

   b. If the approved Application changes the amount of arrears that otherwise would be paid under Section 2.04, alters any plan payment to be made to Trustee, or adversely affects the amount to be paid to claimants in Section 2.12, Debtor shall file an amended plan reflecting such changes within 14 days of receipt of written notification of approval of the Application.

   c. If Creditor denies the Application, Debtor shall, within 14 days of receipt of written notification of denial of the Application, file an amended plan providing for appropriate treatment of pre-petition and post-petition arrears or surrender of the property.

   d. If Debtor fails timely to file an amended plan, Debtor shall be deemed to be in material default under this plan and the remedies described in Section 4.02 shall be available to Trustee or Creditor.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Monthly Modification Installment |
|---|---|---|
| 1. Not Applicable | | |
| 2. | | |
| 3. | | |

**2.09.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan, and Trustee shall not make any disbursements on such claims. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay as to that claim holder.

**Unsecured Claims**

**2.10. Class 5: Unsecured claims entitled to priority pursuant to 11 U.S.C. §507.** Trustee shall pay in full Class 5 claims, whether or not listed below, unless a claim holder agrees to accept less or 11 U.S.C. §1322(a)(4) is applicable. If 11 U.S.C. §1322(a)(4) applies, the claim holder and the treatment of the claim shall be specified in the Additional Provisions. Notwithstanding any other provision in this plan, Debtor shall directly pay all domestic support obligations and all loan payments to a retirement or thrift savings plan that are due and payable post-petition, regardless of whether this plan is confirmed or a proof of claim is filed.

| Class 5 Creditor's Name | Type of Priority | Estimated Claim Amount |
|---|---|---|
| 1. Internal Revenue Service | Income tax arrears | $11,059 |
| 2. Franchise Tax Board | Income Tax Arrears | $ 804 |
| 3. | | |

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

**2.11. Class 6: Designated unsecured claims that will be paid in full even though all other nonpriority unsecured claims may not be paid in full.**

| Class 6 Creditor's Name | Reason for Special Treatment | Estimated Claim Amount |
|---|---|---|
| 1. USAA Fed Savings Bank | Disputed non-dischargeable portion of claim | $2,265.00 |
| 2. | | |
| 3. | | |

**2.12. Class 7: All other unsecured claims.** These claims, including the unsecured portion of secured recourse claims not entitled to priority, total approximately $ 178,779.00 . The funds remaining after disbursements have been made to pay all administrative expense claims and other creditors provided for in this plan are to be distributed on a pro-rata basis to Class 7 claimants.
**[select one of the following options:]**

    ____ **Percent Plan.** Class 7 claimants will receive no less than __% of their allowed claims through this plan.

    _X_ **Pot Plan.** Class 7 claimants are expected to receive -0-__% of their allowed claims through this plan.

### Section 3. Executory Contracts and Unexpired Leases

**3.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly make all post-petition payments to the other party to the executory contract or unexpired lease. Unless a different treatment is required by 11 U.S.C. §365(b)(1) and is set out in the Additional Provisions, Trustee shall pay in full all pre-petition defaults.

| Name of Other Party to Executory Contract Unexpired Lease | Description of Contract/Lease | Regular Monthly Payment | Pre-petition Default | Monthly Cure Payment |
|---|---|---|---|---|
| 1. Not Applicable | | | | |
| 2. | | | | |

**3.02.** Any executory contract or unexpired lease not listed in the table above is rejected. A proof of claim for any rejection damages shall be filed by the later of the claims bar date or thirty days after confirmation of this plan. Upon confirmation of this plan, the automatic stay is modified to allow the nondebtor party to a rejected, unexpired lease to obtain possession of leased property, to dispose of it under applicable law, and to exercise its rights against any nondebtor in the event of a default under applicable law or contract.

### Section 4. Miscellaneous Provisions

**4.01. Vesting of property.** Property of the estate will revest in Debtor upon confirmation.

If Debtor does not want the property to revest, Debtor must check the following box: ☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate, insure any estate property or make any of Debtor's ongoing, regular post-petition debt payments with the exception of monthly cure payments otherwise required by this plan. Upon completion of this plan, all property shall revest in Debtor.

Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

**4.02. Remedies upon default.** If Debtor defaults under this plan or does not complete this plan within 60 months,

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

Trustee, or any other party in interest may request appropriate relief pursuant to Local Bankruptcy Rules. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If the court terminates the automatic stay to permit a Class 1 or 2 secured claim holder or a party to an executory contract or unexpired lease to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim, executory contract or unexpired lease claim, and any portion of such secured claim not previously satisfied under this plan shall be treated as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral for which Debtor has personal liability shall be treated as a Class 7 claim subject to the timely filing of a proof of claim.

**4.03 Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable as a matter of law in a Chapter 13 case under 11 U.S.C. §1328.

### Section 5. Additional Provisions

This plan is the court's standard plan form. Other than to insert text into designated spaces, expand tables to include additional claims, or change the title to indicate the date of the plan or that the plan is a modified plan, the preprinted text of this form has not been altered. If there is an alteration, it will be given no effect. The signatures below are certifications that the standard plan form has not been altered.

Despite the foregoing, as long as consistent with the Bankruptcy Code, the Debtor may propose additional provisions that modify the preprinted text. All additional provisions shall be on a separate piece of paper appended at the end of this plan. Each additional provision shall be identified by a section number beginning with section 5.01 and indicate which section(s) of the standard plan form have been modified or affected.

Additional Provisions [**choose one**] are **XX**☐ are not ☐ appended to this plan.

Dated: 2/22/17
/s/ Richard Edelman
Richard Edelman, Debtor

/s/ Stonna Edelman
Stonna Edelman, Debtor

Dated: 2/22/17
/s/ Robert T. Kawamoto
Robert T. Kawamoto
Debtor's Attorney

N.D. Cal. Model Chapter 13 Plan (August 1, 2013)

Edelman, Richard and Stonna
Additiona Provisions
Ch 13 case no. 13030510

Sec. 5.01  Debtors shall retain in their Modified Chapter 13 Plan the following provision that were contained in their confirmed Second Amended Chapter 13 Plan.

> 12. Debtor(s) shall file a Motion to Value and Avoid Lien (the "Motion") with respect to the lien held by Creditor Chase Bank , a subordinate lien holder on debtor's residence located at 401 Wendy Way, Mill Valley, CA 94941 in an approximate amount of $ $99,495.00 and will request an order from the Court valuing and avoiding the lien.
>
> No payment will be made to Creditor as a secured subordinate lien holder while the Motion is pending.
>
> If the court grants the Motion and determines the subordinate lien held by Creditor is unsecured within the meaning of 11 U.S.C. § 506, the lien shall dealt with as provided in the Court's GUIDELINES FOR VALUING AND AVOIDING LIENS IN INDIVIDUAL CHAPTER 11 CASES AND CHAPTER 13 CASES. If the Court denies the Motion, the Debtor(s) shall promptly, but no more than fourteen (14) days from Notice of Entry of the order denying the motion, amend the Plan to provide for appropriate treatment of this lien, consistent with the subject order.
>
> If the Debtor(s) fails to timely file an amended Plan as provided for above, the Creditor or the Trustee may file a Motion to Dismiss for failure to prosecute the case or Creditor may file a Motion for Relief from Stay.
>
> The Chapter 13 Plan shall not be confirmed until the Court enters its order regarding the Motion.

13. The deed of trust with Ing Direct (hereinafter Creditor) encumbers real property located at 401 Wendy Way , Mill Valley, CA 94941, and secures a loan that is the subject of a pending application to modify loan. The monthly payment listed in Section 4C represented a projected payment under the pending application to modify loan, and may not be the applicable payment once the pending application to modify loan is approved or denied.

   If Creditor approves the pending application to modify loan, the monthly payment Debtor is to pay directly to Creditor under Section 4C of the Plan shall be the amount specified in the loan modification. If Creditor approves the application to modify loan on terms that change the amount of arrears to be paid under Section 4D of the Plan, alters Plan payments Debtor is to pay Trustee, or adversely affects the amount to be paid to unsecured creditors, Debtor shall file an amended Plan reflecting such changes, within 14 days of receipt of the approval.

   As long as an application to modify loan is pending, the Trustee will not make payment on account of any pre-petition arrears claimed and filed by Creditor.

   If Creditor denies the application to modify loan, Debtor shall, within 14 days from the mailing of written notice by the Creditor denying the application, file an amended Plan providing in Section 4C for full monthly post-petition payments, and providing in Section 4D for the full payment of pre-petition and post-petition arrears. Pre-petition arrears are estimated to be $2,500.00.

   In the event Debtor fails timely to file an amended Plan as provided for above: (1) this Plan is by its own terms amended to provide that Creditor's rights under applicable non-bankruptcy law are not modified in any respect by this Plan; (2) Debtors shall be deemed to be in material default under the Plan; and (3) the Trustee or Creditor may, upon proper notice, file a motion for relief from stay or a motion to dismiss the case based on such default.